IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RE:LAUNCH, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>PC TREASURES, INC. and KAREN SWEET,<br><br>          Defendants.<br><hr>KAREN SWEET,<br><br>          Counter-Plaintiff,<br><br>vs.<br><br>RE:LAUNCH, LLC,<br><br>          Counter-Defendant. | Case No. C-05-0697-PJH |

### PROTECTIVE ORDER

The parties having stipulated to the entry of this Order pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, the following Order shall, subject to further Order of this Court, govern the disclosure and use of information produced during discovery in this case that the producing party or non-party designates as "confidential" or "confidential-attorney access only":

    1.    No party, by stipulating to the entry of the Order, shall be deemed to have admitted or agreed that information designated by another party or non-party to be confidential is, in fact, confidential. Information that is not confidential shall not be made confidential merely by entry of this Order, notwithstanding that the producing party or

non-party has designated such information to be confidential. The propriety of the designation of information as confidential by the producing party or non-party may be challenged by motion filed with this Court. Notwithstanding such motion, the moving party shall comply with this Order with respect to such confidential information until this Court decides that the designated information is not subject to the requirements of this Order.

2. Discovery material produced in this action by any party or non-party which contains or discloses information alleged to be of a non-public nature, including, but not limited to, documents or information alleged to be commercially sensitive or proprietary, may be designated by the producing party or non-party as "confidential" ("Confidential Discovery Material"). In agreeing that parties and non-parties may designate discovery material as Confidential Discovery Material, in the first instance, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such designation in accordance with paragraph 12 of this Protective Order by appropriate application to this Court. All Confidential Discovery Material produced by any party or non-party shall bear the legend "CONFIDENTIAL," in addition to an appropriate Bates-stamp designation.

3. Further, Confidential Discovery Material produced in this action by any party or non-party may be designated by the producing party or non-party as "Attorney Access Only", when the disclosure of the Confidential Discovery Material to a party could compromise, impair or destroy the commercial value of such information or the privacy rights that attach to it ("Attorney Access Only Material"). In agreeing that parties and non-parties may designate discovery material as Attorney Access Only, the parties do not endorse the propriety of any such designation and reserve all rights to challenge any such

designation in accordance with paragraph 12 of the Protective Order by appropriate application to this Court. All Attorney Access Only Material produced by any party or non-party shall bear the legend, "CONFIDENTIAL—ATTORNEY ACCESS ONLY," "CONFIDENTIAL—ATTORNEY'S EYES ONLY", or a legend of like import, in addition to an appropriate Bates-stamp designation. All of the terms and conditions of this Protective Order relative to Confidential Discovery Material shall apply with equal force to Attorney Access Only Material, except that Attorney Access Only Material shall not be disclosed to the non-producing party or any non-party without further Order of this Court upon appropriate motion and shall be disclosed only to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants and employees (including expert consultants, subject to the requirements of paragraph 5(c)) of such counsel to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).

4. All Confidential Discovery Material and Attorney Access Only Material produced by any party or non-party shall be used only for the prosecution or defense of this action, and not for any other proceeding, litigation or any business, commercial, or other purpose.

5. As to all confidential discovery material provided or produced by any party or non-party, its employees or former employees, under no circumstances, other than those specifically provided for in this or subsequent orders of this Court, shall Confidential

Discovery Material be disclosed to persons other than the following: (1) the parties and their respective employees; (2) counsel for the parties in this action; (3) the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in this litigation; (4) persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and (5) officials or staff of this Court involved in this proceeding (including court reporters and persons operating video recording equipment at depositions). Subject to the provisions of subparagraph (c), Confidential Discovery Material may also be disclosed—

  (a) to any person designated by this Court in the interests of justice, upon such terms as this Court may deem proper;

  (b) to persons noticed for depositions, but only in the course of such deponent's deposition pursuant to paragraph 6 below; and

  (c) to outside consultants or experts retained for the purpose of assisting counsel in this action; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed the attached form Acknowledgment of Protective Order and Agreement to be Bound.

Protective Order

6.  Confidential Discovery Material produced by a party hereto may be used during depositions subject to the following:

(a) A deponent may during the deposition be shown and examined about Confidential Discovery Material; however, if, within five (5) days following service of notice of the deposition, the producing party identifies the deponent as a competitor (or an employee of a competitor) of the party that so designated the document, then paragraph 6(b) must be complied with. If the time given for notice of the deposition is less than twenty (20) days, the deposition shall be continued in order to permit a motion objecting to the proposed disclosure to be filed. Deponents, other than those retained and disclosed as experts, shall not retain or copy portions of the transcript of their depositions that contain Confidential Discovery Material not provided by them or the entities they represent or retain or copy any exhibits that contain Confidential Discovery Material. A deponent who is not a party or representative of a party shall be furnished a copy of this order before being examined about designated confidential information.

(b) Before disclosing Confidential Discovery Material to any deponent identified in writing by the producing party as a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days' advance notice in writing to the counsel who

designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and identifying with particularity the documents to be disclosed. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until this Court has denied such motion. This Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

(c) Parties (and deponents) may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Discovery Material within the deposition transcript may be designated by designating in writing the page and line numbers that are confidential. Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates Confidential Discovery Material in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made and any of that information is to be filed with the Court, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7. Confidential Discovery Material produced by a non-party may not be used during depositions unless (a) the deponent is a party or an employee of one of the parties, (b) the deponent is the non-party (or an employee thereof) who produced the confidential

Protective Order

material, or (c) the producing non-party has been given notice of the deposition and the intended use of the non-party confidential material, and has either consented in writing to its use or been given opportunity to object to its use by means set forth in Paragraph 6 above. If a producing non-party objects to use of its confidential material at a deposition, the non-party's confidential material shall not be used at the deposition of the deponent unless and until authorized by the Court.

8. Subject to the Federal Rules of Evidence, Confidential Discovery Material may be offered in evidence at trial or any evidentiary hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the documents as confidential. Any party may move this Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. This Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial. This paragraph does not prohibit any party from moving this Court for an order regarding the treatment of any other confidential information as that party may deem appropriate.

9. In the event that counsel for any party determines to file in or submit to this Court any Confidential Discovery Material or information derived therefrom, or any papers quoting or containing such material or information, then, in compliance with Civil Local Rule 79-5, that party shall first file a written request for a sealing order setting forth the good cause for such an order, accompanied by a proposed order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. No document shall be filed under seal

without a court order that authorizes the sealing of the particular document, or portions thereof.

However, if the sole ground for the sealing order is that the opposing party (or a non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the court may order that the document be filed in the public record.

Any document or pleading containing confidential information which is proposed to be filed with the Court under seal shall be submitted to the court in the manner set forth in Civil Local Rule 79-5(b) or 79-5(c), as applicable.

10. The terms and limitations of this Protective Order shall not be modified or deviated from except: (1) upon written stipulation by counsel for the parties, and with respect to Confidential Discovery Material produced by a non-party pursuant to this Protective Order, the consent of such producing party; or (2) by order of this Court.

11. Upon conclusion of this action, the provisions of this Order shall not terminate. All Confidential Discovery Material and all copies thereof shall either be returned within thirty (30) days of the conclusion of this action to the producing party or non-party, or shall be certified to have been destroyed, at the option of the producing party or non-party.

12. If a party disagrees with the "Confidential Discovery Material" or "Attorney Access Only Material" designation, it shall first attempt to resolve the dispute through good faith negotiation with the designating party or non-party. If the matter cannot be resolved,

Protective Order

8

the party may challenge the designation by motion to this Court. The party making the designation shall have the burden to establish that its confidential designation is supported by good cause.

13. The production of any discovery materials by any party or non-party in this action, and the use thereof in this action in compliance with the terms of this Protective Order, shall be and hereby is directed by this Court. Such production and use shall not be a violation or breach by the producing party or non-party of any agreements between the producing party or non-party and any other party, non-party, or other entity.

14. Review of the confidential documents and information by counsel, experts, or consultants for the parties in this action shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's or non-party's claims of confidentiality.

15. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents sought.

16. Nothing in this Protective Order shall preclude any party from applying to this Court for additional or different protective provisions in respect to specific documents should the need arise during this action.

Dated: January 27, 2006          _____
                                  Judge

Protective Order

9

**STIPULATED TO BY THE PARTIES:**

By: _____

    Zachary Hammerman, Esq.
    Jason L. Ross, Esq.
    Andrew R. Margrabe, Esq.
    Greensfelder, Hemker & Gale, P.C.
    10 South Broadway, Suite 2000
    St. Louis, MO 63102

    Todd C. Hedin, Esq.
    MacDonald, Praetzel, Mitchell,
    Hedin & Breiner
    1000 Fourth Street, Suite 570
    San Rafael, CA 94901
    **Attorneys for Plaintiff**
    **Re:Launch, LLC**

DATED: _____

By: _____

    Dennis B. Schultz, Esq.
    Timothy M. Labadie, Esq.
    Butzel Long, PC
    100 Bloomfield Hills Parkway
    Suite 200
    Bloomfield Hills, MI 48304

    Bryan J. Wilson, Esq.
    Morrison & Foerster LLP
    755 Page Mill Road
    Palo Alto, CA 94304-1018

    **Attorneys for Defendants**
    **PC Treasures Inc. and Karen**
    **Sweet**

DATED:_____ 1/26/06 _____

Protective Order

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RE:LAUNCH, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>PC TREASURES, INC. and KAREN SWEET,<br>Defendants. | Case No. C-05-0697-PJH<br><br>**PROTECTIVE ORDER** |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

The undersigned states as follows:

1. That s/he resides at _____ in the city and county of _____ and state of _____;

2. That s/he has read and understands the Protective Order entered in the lawsuit styled <u>Re:Launch LLC v. PC Treasures, Inc. and Karen Sweet</u>;

3. That s/he

    (a)    is a person noticed for deposition or engaged as a consultant or expert, or

    (b)    is otherwise identified in subpart (b) or (c) of Paragraph 5 of the Stipulated Protective Order;

4. That s/he agrees to comply with and be bound by the provisions of the Stipulated Protective Order;

5. That counsel who has retained or consulted with her/him has explained the terms thereof;

Protective Order

6. That s/he will not divulge to persons other than those specifically authorized by the Stipulated Protective Order, and will not copy or use, except solely for purposes of this litigation, any confidential document or information as defined by the Stipulated Protective Order, except as provided therein.

7. That s/he understands that unauthorized disclosures of the confidential materials constitute contempt of court.

8. That s/he consents to the continuing exercise of personal jurisdiction by the Northern District of California for purposes of enforcing this Acknowledgement of Protective Order and Agreement to be Bound, and the Stipulated Protective Order.

_____
(name of individual to whom disclosure will be made)

Dated: _____

Protective Order