UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RE:LAUNCH, LLC

    Plaintiff,

    v.

PC TREASURES, INC. and KAREN SWEET,

    Defendants.
_____/

No. C-05-0697 PJH

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

The motion of plaintiff RE:LAUNCH, LLC ("RE:LAUNCH") for leave to amend the complaint came on for hearing on April 26, 2006. RE:LAUNCH appeared by its counsel Todd Hedin, and defendant PC Treasures, Inc. ("PC Treasures") appeared by its counsel Bryan Wilson. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby grants the motion in part and denies it in part for the reasons stated at the hearing and summarized as follows.

Federal Rule of Civil Procedure 16 requires the court to issue a scheduling order that, among other things, limits the time to join other parties and amend the pleadings. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294, (9th Cir. 2000). Although Rule 15 typically governs the amendment of complaints, Rule 16 governs the amendment of a complaint after the deadline provided for amendment of the pleadings in a pretrial order.

Id. at 1294; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.1992). The court treats a motion for leave to amend pleadings after the scheduling order deadline as a motion to modify the scheduling order. See Coleman, 232 F.3d at 1294. Pursuant to Rule 16, a party may not obtain modification of a pretrial scheduling order "except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). To establish good cause, the party seeking modification must show that, despite acting diligently, it cannot reasonably meet the order's schedule. See Fed. R. Civ. P. 16 advisory committee notes (1983 amendment).

The court's pretrial scheduling order required that any motions for leave to amend pleadings be filed by January 30, 2006. RE:LAUNCH filed its motion on March 16, 2006, and sought leave to amend the complaint to correct its name in the case caption and to add an additional cause of action. RE:LAUNCH has, however, failed to establish that it acted diligently in discovering the availability of the new cause of action and thus has failed to show good cause for modification of the pretrial scheduling order. Moreover, PC Treasures has established the existence of some prejudice to its interests because it has already filed its motion for summary judgment which does not address the purported new cause of action and insufficient time remains before the dispositive motions deadline to challenge the new claim. Accordingly, RE:LAUNCH's motion as it relates to the additional cause of action is DENIED. However, because PC Treasures does not object to a correction of plaintiff's name, RE:LAUNCH's motion as it relates to plaintiff's name change is GRANTED.

**IT IS SO ORDERED.**

Dated: April 28, 2006

PHYLLIS J. HAMILTON
United States District Judge